### GUNN v. BRINKLEY CAR WORKS & MANUF'G CO.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1895.)

No. 348.

EQUITY—JURISDICTION—ACCOUNT.

G., as surviving partner of the firm of G. & B., filed a bill for an accounting against the B. Manuf'g Co. It appeared that the transactions between the firm and the B. Manuf'g Co. involved a running account of

more than 500 items, extending over more than six years, and further complicated by fraudulent entries and omissions by the deceased partner of the firm, who had been its business manager, and also the manager of the B. Manuf'g Co. *Held*, that an action at law for the balance due, in a federal court having no power to order a reference, would be an inadequate remedy, and that the case was within the jurisdiction of a court of equity.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

This was a bill by John Gunn, surviving partner of the firm of Gunn & Black, against the Brinkley Car Works & Manufacturing Company for an accounting. A demurrer to the bill was interposed and sustained, and the bill dismissed. The complainant appeals.

George Gillham filed brief for appellant.

M. L. Stephenson, Jacob Trieber, John J. Hornor, and E. C. Hornor filed brief for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree dismissing the amended bill of the appellant, John Gunn, for an accounting between himself, as surviving partner of the firm of Gunn & Black, and the Brinkley Car Works & Manufacturing Company, a corporation. According to the allegations of this bill, the appellant and William Black composed the partnership of Gunn & Black from 1881 until 1889, when Black died. During this time Black was the business manager of this firm, and the appellant, who could read but little and from lack of education could not understand bookkeeping, intrusted to him the entire management of the business of the partnership. During all this time Black was also the president and general manager of the Brinkley Car Works & Manufacturing Company, a corporation of the state of Arkansas. He had a much larger pecuniary interest in this corporation than in the partnership, while the appellant, Gunn, had a much larger interest in the partnership than in the corporation. From February 14, 1882, to November, 1888, the partnership and corporation were engaged in business as merchants, and were continually dealing with each other. These dealings were evidenced by a mutual running account, which has never been settled. A copy of the items of this account, as it appears on the account books of Gunn & Black, discloses more than 400 items charged, and more than 100 items credited, by that firm to the corporation, and shows a balance of more than $20,000 due from the corporation to the partnership. But the corporation denies any indebtedness, and maintains that the partnership is indebted to it. Black, as manager of both the partnership and the corporation, superintended the bookkeeping of both concerns, and perpetrated gross frauds on the partnership by withholding from the account books of the firm proper debits to the corporation, and by placing thereon false and improper credits in favor of the corporation, amounting in the aggregate to many thousand dollars, so that the corporation is justly indebted to the partnership in an amount far in excess of the balance shown

by the books of the latter. Many of the items that should have been, but were not, charged to this corporation on these books are set forth in the bill. The corporation, after repeated demands, refuses to permit the appellant to examine its account books, or to furnish him with any statement of the account between it and the partnership. The prayer of the bill is for a true account between the appellant, as surviving member of this partnership, and the corporation, for the recovery of the balance that shall be found due, and for other relief. To this bill a demurrer was interposed. The court below sustained the demurrer, and dismissed the bill.

In support of this decree counsel for appellee relies upon the legislative declaration of the judiciary act of 1789, that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law" (Rev. St. § 723), and upon such cases as Hipp v. Babin, 19 How. 271; Root v. Railway Co., 105 U. S. 189, 212; Parkersburg v. Brown, 106 U. S. 487, 500, 1 Sup. Ct. 442; Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249; and Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276,—which reiterate and rest upon that well-settled rule. None of these cases, however, involve a complicated mutual running account. In each of them the remedy at law was adequate and complete. But how can the appellant in this case obtain a correct and adequate accounting between this partnership and corporation in an action at law? In such an action for the balance due on this account the national courts have no power to order a reference to take and state the account, but the entire case must be tried to the jury. According to this bill there is here a mutual running account that extends over a period of more than six years; it involves more than 500 items; it has been complicated and confused by the fraudulent entries and omissions of a faithless trustee; and, in our opinion, it would be next to impossible for a jury to carefully examine this account and reach a just result. That can only be done by a reference to a master or a hearing before a chancellor in the method peculiar to a court of equity. In Kirby v. Railroad Co., 120 U. S. 130, 134, 7 Sup. Ct. 430, a case involving an account aggregating about $350,000, and running for a period of less than 10 months, Mr. Justice Harlan, in delivering the opinion of the supreme court, said:

"The case made by the plaintiff is clearly one of which a court of equity may take cognizance. The complicated nature of the accounts between the parties constitutes itself a sufficient ground for going into equity. It would have been difficult, if not impossible, for a jury to unravel the numerous transactions involved in the settlements between the parties, and reach a satisfactory conclusion as to the amount of drawbacks to which Alexander & Co. were entitled on each settlement. 1 Story, Eq. Jur. § 451. Justice could not be done except by employing the methods peculiar to courts of equity."

To deprive a court of equity of jurisdiction, the remedy at law must be plain and adequate,—"as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." Boyce's Ex'rs v. Grundy, 3 Pet. 210, 215; Oelrichs v. Spain, 15 Wall. 211, 228; Preteca v. Land-Grant Co., 4 U. S. App. 327, 330, 1 C. C.

A. 607, 50 Fed. 674; Foltz v. Railway Co., 8 C. C. A. 635, 641, 60 Fed. 316, 322. An action at law in a federal court does not furnish such an adequate and efficient remedy for the examination of a long, confused, and complicated mutual account like that disclosed in this bill. The decree below must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion; and it is so ordered.