## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### Davis v. Marshall.

November·21, 19₁₂.

1. Equity Practice—*Demurrer—Amendment—Waiver—Appeal and Error*.—Where a demurrer to an original bill has been sustained, and the complainant, by leave of the court, has filed an amended bill, he is ·considered to have acquiesced in the action of the court upon the demurrer, and will not be permitted to assign such action as error in the appellate court.

2. Equity Jurisdiction—*Principal and Agent—Accounting*.—A court of equity, under its general jurisdiction for the enforcement of trusts, has jurisdiction to settle and adjust accounts between principal and agent at the' suit of the principal against his agent where confidence is. reposed in him by his principal, but, as a general rule, a bill for an account by the agent against his principal does not lie, as it is the duty of the agent and not of the principal to keep the account, and usually there is no trust or confidence reposed in the principal.

3. Equity Jurisdiction—*Suit by Agent Against Principal—Accounting—Destruction of Account Books*.—While there are some exceptions to the rule that an agent cannot maintain a bill for an accounting against his principal, an agent seeking to maintain such a bill must allege in his bill the facts which bring him within some exception to the rule. A general allegation that there are mutual, current and, in some instances, confused items of account between them as principal and agent, unaccompanied by any account of the agent against his principal, is not sufficient. An allegation that some of the accounts have been destroyed by an accidental fire does not relieve the situation of the agent, as the loss or destruction of account books or of items of account is not 'of itself a ground of equity jurisdiction.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for the defendant. Complainant appeals.

*Affirmed.*

13

The appellant, who was the complainant in the circuit court, brought suit against the appellee for a settlement of accounts alleged to exist between them, and for a full disclosure on the part of the appellee of all the transactions in relation thereto. There was a demurrer to the bill, which was sustained, upon the grounds (1) that its allegations were so vague and indefinite as not to sufficiently apprise the defendant of the claims which the complainant would assert against him; (2) that the bill was multifarious, in that it sought in part a settlement of accounts between principal and agent, and also a settlement of other accounts between them; and (3) that the bill, so far as it sought a settlement of accounts between agent and principal—the complainant being agent and the defendant principal—could not be maintained upon its allegations.

Leave was given the complainant to file an amended bill. In giving such leave the court stated, that "Inasmuch as the last stated objection to the bill and the ruling of the court thereon has the effect of removing out of the case one of the objects of the bill, and of eliminating the objection of multifariousness, if complainant desires to amend by eliminating that feature and will also amend as to the other feature of the bill so as to make its object and claim plain and its allegations reasonably definite, and such that the defendant can answer them, the court will consider the question of whether the bill can be entertained."

The complainant filed an amended bill, which is as follows:

"Humbly complaining, your orator, John A. Davis, of Rockingham county, brings this his amended bill of complaint and respectfully shows the court that at the first July rules, 1910, he filed his original bill in this cause, as appears from the record hereof, to which bill the defendant, William H. Marshall, appeared and filed his demurrer,

specifying the grounds in writing, whereupon such proceedings were had that at the November term, 1910, the said court sustained the demurrer to said bill, as appears from the order entered in this cause, with leave to your complainant to file an amended bill within fifteen days from the rising of the court, and your complainant now avers and charges.

"That your complainant, in the year 1890, was placed in charge of the mill owned by said Marshall, known as the 'River Bank Mill,' which is situate on the Shenandoah river in the eastern part of said county, under an oral agreement with said Marshall to the effect that your complainant as the agent of said Marshall should take possession and manage the same for him; the said Marshall to furnish all money and supplies and whatever was necessary to operate said mill, and your complainant to have full charge of the receipts and disbursements of the money and supplies, and to receive for his services the sum of $400.00 per year; that the said Marshall failed to furnish the supplies and funds necessary to operate said mill, and your complainant, at the instance of said Marshall, put into said business about $500.00 shortly after the commencement of the business, and thereafter from time to time, various sums of money, ranging from $12.00 up, and at the same time endorsing various and sundry notes for said Marshall.

"That the said Marshall was the owner of another flour mill at Elkton, in said county, known as 'Marshall's Mill,' and was operating the same, and on many and numerous occasions would receive flour and other mill products, flour barrels and money from the mill operated by your complainant, and during said period your complainant would likewise receive flour and other mill products, flour barrels and money from Marshall, at the mill operated by him, and during said period the said Davis, from time to time, re-

ceived from and paid to others, on account of said Marshall, various sums of money, and the said Marshall would receive from and pay to others various sums of money on account of said complainant. That the items of account from the year 1890 to the year 1899 were destroyed by fire which occurred in the 'River Bank Mill,' and only the balances carried forward to the then current account books are now in existence; since the items of account for about the first eight years, from 1890 to 1899, are lost and destroyed as aforesaid, and cannot be reproduced by your complainant as required on the law side of the court to be filed with, or set out in, the declaration, therefore your complainant's remedy on the law side of the court would be inadequate and incomplete.

"Complainant further shows your honor that in the year 1900 the business in which complainant and defendant were engaged as aforesaid was changed, by a mutual oral agreement, to the extent that the said 'River Bank Mill' was thereafter known as the 'Davis Mill,' and was managed and operated in the name of complainant, instead of in the name of Marshall by Davis, his agent. It was expressly and mutually understood and agreed, however, between complainant and defendant, at the time said change was made, that said Davis continued to be the agent of said Marshall and should account to him as such, and the said mill is thus operated today. The amount that complainant was to receive for his services from 1900 to 1910 was not fixed by the agreement, as aforesaid, and is yet open and undetermined.

"Your complainant is advised and charges that said transactions have continued from the year 1890 to the present time in which there are many items of mutual, current, and, in some instances, confused accounts, of the character hereinabove indicated, between the said Marshall and your complainant, his agent, which agency has continued from the year 1890 to the present.

"Your complainant is desirous of having a complete and full settlement of all matters between him and said Marshall on account of the matters and things aforesaid, and avers and charges that in order to obtain a settlement of said accounts there should be a disclosure of the items of money, goods and supplies, and mill products by complainant and defendant, respectively, and especially a disclosure on the part of Marshall of the money, materials, supplies and mill products with which the complainant has been charged by said Marshall.

"Your complainant further avers and charges that upon a settlement of said mutual, current and running account between complainant and defendant, there will be due the complainant at least the sum of $4,000.00 exclusive of interest.

"In consideration of the premises and inasmuch as your complainant is remediless in a court of equity, where matters of this sort are alone and properly cognizable, your complainant prays that said William H. Marshall, defendant hereto, be required to answer this amended bill, answer under oath being waived, that all proper accounts of the aforesaid mutual transactions between your complainant and said Marshall be taken; that said Marshall be required to make a full disclosure of the items of his account; that your complainant may have a decree for any balance found to be due him against said Marshall, and that your complainant may have such further and general relief as the nature of the case may require or to equity may seem meet, and as in duty bound, he will ever pray, &c."

To this amended bill there was a demurrer, which was sustained by the court and the bill dismissed. From that action of the court this appeal was granted.

*Geo. S. Harnsberger* and *Sipe & Harris,* for the appellant.

*Conrad & Conrad* and *Charles D. Harrison,* for the appellee.

BUCHANAN, J. (after making the foregoing statement), delivered the opinion of the court.

Error is assigned to the action of the court in sustaining the demurrer to the original as well as the demurrer to the amended bill.

No assignment of error can be considered here as to the action of the trial court in sustaining the demurrer to the original bill. Where a party, after a decree sustaining a demurrer to his bill, by leave of the court files an amended bill, he is considered to have acquiesced in the action of the court upon the demurrer and will not be permitted to assign such action as error in the appellate court. This is the rule in this State, and generally, it seems. *Fudge* v. *Payne,* 86 Va. 303, 307-8, 10 S. E. 7. See 2 Cyc. 645; 4 Am. & Eng. Enc. of Law and Practice, 98; 1 Enc. Pl. & Pr. 624, and cases cited in notes.

The only question, therefore, to be considered is whether or not the trial court erred in sustaining the demurrer in the amended bill.

That bill, as we construe it in the light of the order of the court giving leave to file it, is for the settlement of accounts between the complainant and the defendant which had been running from the year 1890 to the institution of this suit, in the year 1911. During that period the amended bill alleges that the complainant was the agent of the defendant in operating a mill owned by the latter.

It is well settled that a court of equity, under its general jurisdiction for the enforcement of trusts, has jurisdiction to settle and adjust accounts between principal and agent at the suit of the principal against his agent, where confidence is reposed in him by the principal.

Adams' Equity, s. p. 220-221; *Berkshire* v. *Evans,* 4 Leigh
(31 Va.) 223; *Zetelle* v. *Myers,* 19 Gratt. (60 Va.) 62;
*Coffman* v. *Sangston,* 21 Gratt. (62 Va.), 263; *Thornton* v.
*Thornton,* 31 Gratt. (72 Va.) 212; *Simmons* v. *Simmons,*
33 Gratt. (74 Va.), 451-456.

But while the principal has the right to come into a
court of equity under the circumstances indicated, and
sometimes under other circumstances, it seems to be
equally well settled that a bill for an account by an agent
against his principal will not generally lie.

Adams, in his work on Equity, side page 221, after stat-
ing the general doctrine as to the right of a principal to
invoke the aid of a court of equity to compel his agent to
account, states that "It obviously follows from this doc-
trine that a bill for an account by an agent against his
principal will not generally lie; for it is the agent's duty
and not the principal's to keep the account."

In a note to section 1421, 4 Pom. Eq. Jur., where the cir-
cumstances under which a principal may file a bill for an
account against his agent are discussed, it is said that
while the rules there laid down are well settled in favor
of the principal, it does not follow that the reverse is true,
and that an agent may come into equity for an account
against his principal, since generally there is no trust or
confidence reposed in the latter, and no duty on his part
to account; citing *Padwick* v. *Stanley,* 9 Hare 627, and
*Smith* v. *Levaux,* 2 De G. J. & S. 1.

In Adams' Equity, p. 221, it is said that there is a
special exception to the general rule above stated in the
case of a steward, the nature of whose employment is such
that money is often paid in confidence without vouchers,
embracing a variety of accounts with tenants, so that it
would be impossible to do justice without an account in
equity.

In *Smith* v. *Levaux,* 2 De G. J. & S. 1, it was held that

a bill for an account would lie on behalf of an agent against his principal who has received certain sums upon which the former was entitled to a commission, and also, it is said, where the agent's salary depends upon the profits made by his employer. See *Harrison* v. *Churchwood,* 6 Jur. (N. S.) 576; *Sheppard* v. *Brown,* 4 Giff 208.

The appellant, under the general rule, not being entitled to file a bill against his principal for an accounting, his amended bill was demurrable unless it contained such allegations of fact as would bring him within some exception to that rule. It is alleged that there are many items of mutual, current and, in some instances, confused account between them as principal and agent. But even if an agent could maintain a bill against his principal on that ground, it would be necessary to allege facts which show the existence of such ground. The general allegation alone is not sufficient.

Not only does the bill fail to allege such facts, but the appellant does not exhibit his account or any part of it with his bill.

In *Hickman* v. *Stout,* 2 Leigh (29 Va.) 6, 9, in which a demurrer to a bill for accounting was overruled, Judge Carr, speaking for the court, said: "The bill states mutual accounts between the parties, running through a series of years, and consisting of numerous items of blacksmith's work on the one hand, and on the other of various articles of country produce delivered, such as wood, coal, hay, wheat, potatoes, of money paid at different times, of work done with wagons, etc. When I speak of the bill, I consider the account filed with it as a part of it."

If such a showing by the bill was deemed necessary, as seems to have been thought in that case, which was a suit between parties where one was no more under obligation than the other to keep their accounts, *a fortiori,* such a showing at least should be required where, as in this case,

it was the duty of the complainant to keep and render accounts to his principal.

It is true the amended bill alleges, "that the items of account from the year 1890 to the year 1899, were destroyed by fire in the mill operated by the appellant, and that only the balances for these years as carried forward on current account books are now in existence, and that such items cannot be reproduced by the appellant as a ground of equity jurisdiction." While a court of equity has jurisdiction to set up and give relief in cases of lost deeds and bonds, and lost negotiable instruments in certain cases (Adams' Eq., s. pp. 167-8) ; *Shields* v. *Commonwealth,* 4 Rand. (25 Va.) 541, 545; *Taliaferro* v. *Foote,* 3 Leigh (30 Va.) 58, the loss or destruction of account books or of items of account is not of itself a ground of equity jurisdiction.

The court is of opinion that the allegations of the amended bill are not sufficient to take the case out of the general rule that an agent cannot file a bill against his principal for an accounting, and therefore that the trial court did not err in sustaining the demurrer to it.

*Affirmed.*