### GOFFE & CLARKENER, Inc., v. LYONS MILLING CO.

District Court, D. Kansas, Second Division.
June 8, 1928.

No. 398.

1. **Account ⬤�longrightarrow4, 5—Equity may decree accounting, if fiduciary relationship exists, or there are mutual accounts.**

Where a fiduciary relationship exists, or where there are mutual accounts, equity may decree an accounting.

2. **Brokers ⬤�longrightarrow37—Accounting cannot be had between grain broker and customer, as incidental to enforcement of equitable remedy against fiduciary.**

Accounting cannot be had between grain broker and customer, as incidental to enforcement of equitable remedy against fiduciary; their actual relationship being more nearly akin to that of a merchant and his customer.

3. **Brokers ⬤�longrightarrow37—Account between grain broker and customer held not "mutual account," authorizing equity jurisdiction.**

Account between a grain broker and customer held not to constitute a mutual account, so as to authorize equity jurisdiction for such reason, though there were credits as well as charges, constituting payments on a single running account; "mutual account" meaning two accounts (citing Words and Phrases, First and Second Series, "Mutual Accounts").

4. **Account ⬤�longrightarrow6—Mere difficulty of proof does not confer jurisdiction on equity in action for accounting.**

Mere difficulty of proof does not confer jurisdiction on equity in action for accounting; there being many cases where remedy is exclusively at law, though computation is ever so difficult.

5. **Account ⬤�longrightarrow6—Action may properly be brought in equity for taking accounting, where account is so difficult, complicated, and confusing that jury cannot handle it.**

Where action is one for accounting, and the account presented is so difficult, complicated, and confusing that a jury cannot handle it, an action may properly be brought in equity for the purpose of taking the accounting.

6. **Brokers ⬤�longrightarrow37—Accounting between grain broker and customer, involving numerous transactions on grain exchange, with complicated interest computations, held within equity jurisdiction.**

Suit for accounting between a grain broker and customer, involving complicated and confusing account, covering about 400 separate transactions, and involving transactions in fractional cents, with complicated interest computations, held within equity jurisdiction, as presenting a situation where it might be entirely impossible for jury to more than guess at result, or select out one witness and blindly follow his calculations.

7. **Reference ⬤�longrightarrow105—Responsibility is still on jury to handle complicated accounts, even where auditor is appointed to assist jury in action at law.**

Even where an auditor is appointed to assist a jury in an action at law, the responsibility is still on the jury, who are not equipped to handle complicated accounts. Our jurisprudence is not so rigid as to thrust such a gamble on business men.

In Equity. Suit by Goffe & Clarkener, Inc., against the Lyons Milling Company. On motion to dismiss. Motion denied, without prejudice to right to make such motion thereafter.

Justin D. Bowersock, of Kansas City, Mo., and A. L. Berger, of Kansas City, Kan., for plaintiff.

Long, Houston, Cowan & Depew, of Wichita, Kan., and Ryland, Boys, Stinson & Mag, of Kansas City, Mo., for defendant.

McDERMOTT, District Judge. The plaintiff, a grain broker, brings this bill in equity for an accounting with one of its customers. The bill alleges complicated and confusing transactions running over a period of about nine months, all arising from the execution and closing of trades on various lots of grain bought or sold, with a profit or loss on each trade, and alleges payments and advances made by both parties on the account. In short, it is the ordinary business relationship between a member of a board of trade and its country customer.

[1] The motion to dismiss suggests several points, only one of which is pressed, and that is that equity cannot decree an accounting

in this situation, the remedy at law being exclusive. The point is close, and not free from doubt, and the court is indebted to counsel for concise, but exhaustive, briefs. It is conceded that, where a fiduciary relationship exists, or where there are *mutual* accounts, equity may decree an accounting. Both are well-recognized bases of equity jurisdiction. 4 Pomeroy, Eq. Jur. (4th Ed.) p. 1421.

I do not find any fiduciary relationship here. The obligations of principal and agent are not correlative. Ordinarily a principal imposes a trust in the agent, which the agent need not impose in the principal. Accordingly, it has been ruled that an agent may not require an accounting of his principal because of the relationship, while a principal may always seek the aid of equity in calling his agent to account. Padwick v. Stanley, 9 Hare, 627, 41 Eng. Ch. 627; Smith v. Leveaux, 67 Eng. Ch. 1, 46; 4 Pomeroy, Eq. Jur. (4th Ed.) 3370; 2 Sturgis, Eq. Jur. (14th Ed.) Sec. 617; Badger v. McNamara, 123 Mass. 117; California Raisin Growers' Association v. Abbott, 160 Cal. 601, 117 P. 767; Gee v. Pendas, 66 App. Div. 566, 73 N. Y. S. 247; Davis v. Marshall, 114 Va. 193, 76 S. E. 316, Ann. Cas. 1914B, 1025.

The rule is concisely stated in Davis v. Marshall, 114 Va. 193, 76 S. E. 316, Ann. Cas. 1914B, 1028: "The authorities generally support the view that the mere relation of an agent to his principal is of itself insufficient to entitle the agent to maintain a bill for an accounting against the principal."

[2] There may be cases where in fact the principal has assumed a relation of trust with his agent, as, for example, where a salesman is entitled to a percentage of collections made directly by his principal, where the principal keeps the books and the agent has no knowledge, or means of knowledge, as to the time or amount of such transactions. But that is not this case. The agent here knows all about every deal. As a matter of fact, the actual relationship here is more nearly akin to that of a merchant and his customer. An accounting here, as incidental to the enforcement of an equitable remedy against a fiduciary, cannot be had.

[3] Nor are the accounts mutual. It is true that there are credits as well as charges alleged, but the credits are but payments on a single running account. It is also true that advances were probably made by the defendant to margin future purchases, and credit extended by the plaintiff to carry open trades. To-day the defendant might owe the plaintiff; the fluctuations of the market may make the plaintiff the debtor by to-morrow; but there is never but one balance, for there is never but one account. "*Mutual* accounts" means two accounts. The decisions as to what constitute "mutual accounts" are gathered in Words and Phrases, First and Second Series, under that title, and need not be copied here.

[4] This brings us to the pivotal question: May equity decree an accounting, where there is but a single account, which is long and complicated and confusing? It is entirely clear that mere difficulty of proof does not confer jurisdiction upon equity. In suits upon promissory notes, the notes may be ever so many, the payments trivial and frequent, the computation ever so difficult, but the remedy is exclusively at law. Suits upon fire insurance policies, especially covering stocks of merchandise, often involve examination of inventories, and records of purchases and sales covering indefinite periods; the action is still at law to recover the amount of the damage. The Supreme Court has said:

"The principal ground upon which it is claimed that the remedy at law is inadequate is really nothing more than a difficulty in proving the case against the defendants. The bill shows that whatever was done in the way of cutting the timber and carrying it away was done by the defendants as tort-feasors, and the various devices alleged to have been resorted to by the deceased, Daly, by way of organizing different corporations, in order to, as alleged, cover up his tracks and to render it more difficult for the complainant to make proof of his action, does not in the least tend to give a court of equity jurisdiction on that account. It is simply a question of evidence to show who did the wrong, and upon that point the fact could be ascertained as readily at law as in equity. The complainant is entitled in an action at law to an inspection of the books and records of these various corporations, and it has the same power to obtain the facts therefrom in that action as it would have in this suit in equity." United States of America v. Bitter Root Co. (1906) 200 U. S. 451, 26 S. Ct. 318, 50 L. Ed. 550. "It is said that the facts are complicated, but they are not so on the allegations of the bill, which merely disclose a series of acts alleged to have been parts of the plan to deceive; and, further, mere complication of facts alone and difficulty of proof are not a basis of equity jurisdiction." Curriden v. Middleton et al. (1914) 232 U. S. 634, 34 S. Ct. 459, 58 L. Ed. 765.

This does not, however, answer the prop-

osition proposed. This is not a suit upon a policy of insurance, nor upon promissory notes. It is still a suit on an involved, complicated, although one-sided, account. And the courts have spoken on that proposition.

The Supreme Court has squarely rested equity jurisdiction on this ground. In a case involving a one-sided, but complicated, account, jurisdiction was primarily held on account of the complication, and secondarily on fraud. The case is Kirby v. Lake Shore & M. S. Railroad, 120 U. S. 130, 7 S. Ct. 430, 30 L. Ed. 569, the court said:

"The case made by the plaintiff is clearly one of which a court of equity may take cognizance. The complicated nature of the accounts between the parties constitutes itself a sufficient ground for going into equity. It would have been difficult, if not impossible, for a jury to unravel the numerous transactions involved in the settlements between the parties, and reach a satisfactory conclusion as to the amount of drawbacks to which Alexander & Co. were entitled on each settlement. 1 Story, Eq. Juris. § 451. Justice could not be done, except by employing the methods of investigation peculiar to courts of equity. When to these considerations is added the charge against the defendants of actual concealed fraud, the right of the plaintiff to invoke the jurisdiction of equity cannot well be doubted."

In Gunn v. Brinkley Car Works, 66 F. 382, the Circuit Court of Appeals of this circuit, speaking through Mr. Justice Sanborn, said:

"To deprive a court of equity of jurisdiction, the remedy at law must be plain and adequate—'as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' Boyce's Ex'rs v. Grundy, 3 Pet. 210, 215 [7 L. Ed. 655]; Oelrichs v. Spain, 15 Wall. 211, 228 [21 L. Ed. 43]; Preteca v. Land-Grant Co., 4 U. S. App. 327, 330, 1 C. C. A. 607, 50 F. 674; Foltz v. Railway Co., 8 C. C. A. 635, 641, 60 F. 316, 322. An action at law in a federal court does not furnish such an adequate and efficient remedy for the examination of a long, confused, and complicated mutual account like that disclosed in this bill."

It is true that in the above case the account is a mutual account, but the reason for the ruling quite covers a single account.

In Lewis Publishing Co. v. Wyman (C. C. A.) 182 F. 13, the suit was on a one-sided account, covering many items and a long period of time. The majority of the court disposed of the action on other grounds. In a carefully prepared dissenting opinion,

Judge Sanborn, after answering the grounds on which the majority opinion rested, had the following to say with reference to the question at issue here. Since the majority of the court passed this question without decision, the opinion of Judge Sanborn is persuasive. Judge Sanborn said:

"While they may be liable at law, equity has concurrent jurisdiction with the law in all cases where a long and complicated account composed of numerous items is in controversy. * * * While an action at law may undoubtedly be maintained for the amount to which the complainant is entitled here, a court of equity has concurrent jurisdiction of this accounting. And such a court with its deliberate methods, its power to select men of training and experience in work of this nature, its authority to consider and modify their reports after exceptions and hearings, is alone competent to take fairly and to adjudicate justly the balance of such an account. The remedy at law which necessitates the submission of such questions to a jury is neither adequate nor as efficient to attain the ends of justice as the remedy in equity, and it cannot bar the latter. Kirby v. Railroad Co., 120 U. S. 130, 132, 134, 7 S. Ct. 430, 30 L. Ed. 569; Gunn v. Brinkley Car Works & Mfg. Co., 66 F. 382, 384, 13 C. C. A. 529, 531; Fechteler v. Palm Bros. & Co., 133 F. 462, 465, 66 C. C. A. 336; Hayden v. Thompson, 71 F. 60, 63, 17 C. C. A. 592, 595; Castle Creek Water Co. v. City of Aspen, 146 F. 8, 14, 76 C. C. A. 516, 522 [8 Ann. Cas. 660]."

A case quite analogous to the case at bar, where the accounting was decreed was the case of United States of America v. Southern Pacific Railroad Co. (E. D. Cal.) 157 F. 96.

The Circuit Court of Appeals of this circuit, in Hapgood v. Berry, 157 F. 808, placed the jurisdiction in such an action primarily on the complicated nature of the accounts and secondarily on a fiduciary relationship. In that case the court said:

"It is well settled that the jurisdiction in equity attaches unless the legal remedy, both with respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would confer under the same circumstances. As stated by Judge Sanborn, of this court, in the case of Castle Creek Water Co. v. City of Aspen, 146 F. 8, 76 C. C. A. 516 [8 Ann. Cas. 660]: 'Where the remedy at law and the remedy in equity involve an accounting and the consideration of many items, the remedy in equity is more complete and efficient, and better adapted

to attain the ends of justice than the remedy at law.' And then, too, it is to be noticed, as was suggested by the Circuit Court, that the relation existing between the parties, as created by the contract, was in its nature fiduciary."

In Dewey Portland Cement Co. v. Texas Building Co., 234 F. 622, the Circuit Court of Appeals of this circuit was confronted with a case involving a one-sided account, to wit, an account for the furnishing of a large amount of cement for four different projects. The court said that it was error to transfer such a case to the law side of the docket. The court said: "The accounting itself is so long and complex as to make it wholly unfit for submission to a jury."

In Walker Grain Co. v. Southwestern T. & T. Co., 10 F.(2d) 272, the Court of Appeals of the Fifth Circuit said:

"The accounts of the corporations with appellee were made up of charges for long-distance telephone conversations, and covered a considerable period of time. Defendants claimed there were numerous overcharges and disputed the correctness of each item charged, and for that reason the accounts were complicated and their settlement was properly the subject of inquiry by a court of equity. * * * Furthermore, in our opinion the court properly entertained the case on the equity docket, because the accounts were disputed and complicated."

In Kilbourn v. Sunderland, 130 U. S. 505, 514, 9 S. Ct. 594, 596, 32 L. Ed. 1005, it is said:

"The jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would confer under the same circumstances. * * * 'There cannot be any real doubt that the remedy in equity, in cases of account, is generally more complete and adequate than it is or can be at law.' "

In McMullen Lumber Co. v. Strother et al., 136 F. 295, the Circuit Court of Appeals of this circuit, speaking through Judge Phillips, said:

"Mutuality of accounts, as in case of debits and credits between the parties, is not always essential to confer jurisdiction in equity. As such jurisdiction attaches in the instances of mutual accounts because of their intricate and complicated character the singleness of the accounts to be rendered should come equally within the jurisdiction of equity where the requisite intricacy and complications exist."

Judge Phillips commented on the fact that

decisions from state courts are not persuasive because in many of the states provision is made for a reference of suits at law, which cannot be done in the federal courts.

There are a great many other authorities which might be cited. Counsel for the defendant, in their brief in support of this motion, fairly state the law in the following quotation from Pomeroy:

"The instances in which the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper, are: (1) Where there are mutual accounts between the plaintiff and the defendant; that is, where each of the two parties has received and paid on account of the other. (2) Where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate relief at law. (3) Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account. A plea of stated account obviously constitutes a bar to a suit in equity for an accounting, since in that case the remedy at law is entirely adequate." 4 Pomeroy, Eq. Jur. (4th Ed.) 1421.

[5] It will be observed that counsel for the defendant have quite fairly acknowledged that there is an equitable jurisdiction in accounting where the accounts are all on one side, where there are circumstances of great complication, or difficulties in the way of adequate relief at law. I conclude therefore that while mere difficulty of proof is not sufficient to confer jurisdiction upon equity, yet if the action is one for an accounting, and the account presented is so difficult, complicated and confusing that a jury cannot handle it, an action may properly be brought in equity for the purpose of taking the accounting. But the field is a narrow one.

[6, 7] The bill discloses that the account ran for a period of nine months; that there were a large number of both purchases and sales, and many payments made by each party to the other; that the account is complicated and confusing; the tendered amendment shows about four hundred separate transactions; the copy of the account, exhibited at oral argument, consisted of many pages of debits and credits. Transactions on the grain exchanges generally involve fractional cents; interest computations are correspondingly complicated. While an auditor may be called to assist a jury (In re Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919), and is of great help in many cases, the responsibility still rests upon the jury; the auditor may be cross-examined, other evidence introduced,

and other compilations presented. The allegations of the bill present a situation wherein it might be entirely impossible for 12 jurymen to do more than guess at the result, or select out one witness and blindly follow his calculations. Such a situation does not make for substantial justice; our system of jurisprudence is not so rigid and inelastic as to, thrust such a gamble upon business men.

The motion to dismiss will be denied. Within 20 days, the plaintiff shall attach to its bill a copy of the account as it claims it to be. If the answer discloses that the items in the account are not generally in. dispute, or that the defense is payment, or lack of authority in the alleged agent, or an account stated, or any other defense that makes it unnecessary to inquire into the separate transactions generally, the cause will be transferred to the law docket under equity rule 22. The decision on this motion is without prejudice to the right of the defendant to make such motion to transfer, "if at any time it appears that a suit commenced in equity should have been brought as an action on the law side of the court."

It is so ordered.