JOSEPH A. SHEIRBURN, PLAINTIFF IN ERROR, *v.* JACOB DE CORDOVA AND OTHERS.

By a statute of Texas, actions of ejectment, trespass to try title, &c., can be maintained upon certificates for head rights or other equitable titles.

But this court has decided that, in the courts of the United States, suits for the recovery of lands can only be maintained upon a legal title.

A plaintiff in the court below, who had nothing more than an incipient equity, could not therefore maintain his action.

THIS case was brought up by writ of error from the District Court of the United States for the western district of Texas.

The bill of exceptions contained the evidence of the title of Sheirburn, the plaintiff, when the defendants objected to the admissibility of said locations and entries because the same were vague, uncertain, and indefinite, and also because surveys thereon were not returned to the General Land Office; but the court overruled said objections, and the defendants excepted thereto. The plaintiffs here closed.

The objection made in this court, viz: that the plaintiff could not maintain the suit upon a head right in the court of the United States, did not appear to have been made upon the trial; but the question seemed to turn upon the validity of the title of the defendants, which was sustained; and upon that ruling the plaintiff brought the case up to this court.

It was argued by *Mr. Hale* for the plaintiff in error, and *Mr Paschal* for the defendants, both on printed arguments.

*Mr. Paschal* thus brought forward the objection upon which the judgment of this court turned:

*Sheirburn* v. *Cordova et al.*

1. That the plaintiff showed no standing in court—no such title in himself as would enable him to attack the mere naked possession of the defendants, much less their valid-paper titles. The plaintiff showed nothing but a mere incipient equity—a naked entry—which of itself, without a survey, according to the decisions of this court, did not detach the land from the public domain.

See Vaughan *v.* Chesnut, 2 Wash. C. C. Rep., 160.

This case held that the mere entry was not property subject to sale.

In the case of Lessee of Sims *v.* Irwin, 3 Dallas, 425, (which was a great case,) the subject of entries and surveys was fully discussed, and after great difficulty the court arrived at the conclusion, that in Pennsylvania, the entry payment and survey might constitute a legal title. And in Dubois *v.* Newman et al., 4 Wash., 77, Mr. Justice Washington refused to go one step further.

Therefore, the mere entry in Texas could give the plaintiff no standing in a court of law, unless it can be deduced from the twenty-first section of the Texas statute of limitations.

Acts of the Republic, vol. 5, p. 163; Hartly's Digest, art. 3,230.

As in Texas there is a mixed jurisdiction of law and equity, the right to support trespass to try title there may well exist, without it following, from the reasoning in the cases cited, that the holder of this mere incipient equity can support ejectment upon the common-law side of the Circuit Court of the United States. Such a right has no standing in a court of law.

Hart *v.* Turner, 2 Tex., 374.

It could only be used by one mere locator against another. But, if the second locator had first obtained a survey, owing to a want of diligence in the first, then he has no right to question De Cordova's title.

See Dubois *v.* Newman, 4 Wash., 76.

The history of the statute is, that the location or survey was made color of title, as a defence under the sovereignty of the soil, coupled with three years' actual possession.

See 15th section of the Texas statute of limitations.

An amendment was added, enabling the locator to support an action to protect his location. But this must have had reference to the location upon vacant land, just as the mere possessor, who is judicially turned out, may maintain ejectment against the naked trespasser. It cannot be that a locator upon appropriated land can maintain an action at law upon such an equity, in order to test the validity of the first patent. Such a doctrine is contrary to principle.

Christy *v.* Scott, 14 Howard, 282.
Dubois *v.* Newman, 4 Wash., 76.

Mr. Justice CAMPBELL delivered the opinion of the court.

This was a suit by the plaintiff to recover a parcel of land in the county of Guadalupe, in the State of Texas. The title of the plaintiff consists of certain entries of head-rights embracing the land in dispute. One of these is in these words: Joseph A. Sheirburn, assignee of Victor Ed. Gaillon, enters one-third of a league of land, situated on a noted island, about six miles above the town of Walnut Springs, and extending on the main land on the northeast side of the Guadalupe river for quantity; the said location is also a short distance below a very elevated mound on the west of the river. Certificate 222. Harrisburg county, October 16, 1838. In January, 1853, the plaintiff applied to the district surveyor of Guadalupe county for the survey of this and other land embraced in the entries, who declined to execute the surveys, but it is admitted that the entries cover the land in controversy. The defendants relied upon a Mexican grant, issued in 1831 in favor of Antonio Maria Esnourizar, for eleven leagues of land, and which embraces the same land. The District Court pronounced this grant to be a valid appropriation of the land described in it, and the plaintiff alleges that there is error in that decision.

By a statute of Texas, "all certificates for head-rights, land scrip, bounty warrants, or any other evidence of right to land recognised by the laws of this Government, which have been located or surveyed, shall be deemed and held as sufficient title to authorize the maintenance of actions of ejectment, trespass, or any other legal remedy given by law." Hart.

Dig., art. 3,230. The testimony adduced by the plaintiff, it would seem, would have authorized a suit in the courts of Texas, where rights, whether legal or equitable, are disposed of in the same suit. But this court has established, after full consideration, that in the courts of the United States suits for the recovery of land can only be maintained upon a legal title. It is not contended in this case that the plaintiff has more than an incipient equity. This question was so fully considered by the court in Fenn *v.* Holme, 20 How., 481, that a further discussion is unnecessary.

Judgment of the District Court affirmed.