## Young and others *v.* Dunn and others.[*]

*(Circuit Court, E. D. Texas. February, 1882.)*

1. TITLE—EJECTMENT.

In cases of ejectment plaintiff must recover on the strength of his own title, and that title must be a legal one. An equitable title will not suffice to maintain ejectment in this court, though it may in the courts of the state under the proceedings authorized by the state statutes.

*Sheirburn* v. *De Cordova,* 24 How. 423.

2. PARTNERSHIP IN LANDS.

The holder by conveyance or bequest of one partner's share in the lands of a partnership cannot maintain ejectment for it; his remedy is in equity.

*Clagett* v. *Kilburne,* 1 Black, 246.

3. ESTOPPEL.

The declaration of a stranger cannot operate as an estoppel upon the defendant.

*Lyle & Thomas,* for plaintiffs.

*Mr. Walton,* for defendant Dunn.

PARDEE, C. J. Plaintiffs, as devisees by last will and testament of S. C. Colville, bring this suit against Mary H. Dunn and the Houston & Texas Central Railroad Company to recover the undivided half of certain 320 acres near Dennison, in this state. Defendant Mary H. Dunn has pleaded not guilty, but the railroad company does not appear to have pleaded at all, though counsel assents that a general denial has been entered for the company. But of this hereafter. Defendant Dunn has also pleaded adverse possession, and the statute of limitations of three, five, and ten years, and has also entered claim for improvements. Plaintiff and defendant Dunn have filed a stipulation waiving a jury, and the case has been tried by the

[*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

court. Plaintiff proves a patent from the republic of Texas of date December 2, 1841, of the entire tract to James A. Caldwell. He proves next a letter which has been probated as a will of James A. Caldwell, of date March 21, 1842, which is in these words:

"Mr. S. C. COLVILLE: The business that we have been doing never having been committed to writing, knowing, as we do, the uncertainty of life, I give you this statement of our verbal understanding: *First*, all the land that is connected at Shawneetown which may be owned by either, or in the name of any other, is now the property of both as company stock. Also all the claims that is in your hands that is not located is also joint stock. Also all the animal stock is the same that is at Shawneetown. All property that is known to belong to yourself and myself at that place is joint stock, (except a negro girl, Louisa, to which I have no claim.) Also all the money that we may have there, or any debts that you or I may have in our trading since you went to that place. And, further, as I have had trading in Austin, Travis county, it will also be understood that all my trading there was on the same principle; all the lands that I may have, or town lots, or outlots, or houses and lots, or any negroes that may be in my name, or chattels or any interest that I may have in the trading house of Edington, them and each of them is joint stock betwixt yourself and myself. Now, as life is uncertain, I want you, in case of accident, to be my agent in fact and entire; I want you to have the free use of all my share of this property in case of my death for your natural life-time, and at your death it to go to the offspring of my only blood relation, now in Texas; that is, Jane McFarland, the wife of Jacob McFarland. These, with other requests that you know, I leave with you, hoping that you will not have this melancholy duty to perform, and that again we will meet and exchange the hopes for long life and friendship.

"Yours in friendship,

[Signed]                                          J. A. CALDWELL.
"*S. C. Colville.*"

Plaintiff next offers last will and testament, duly probated, of S. C. Colville to plaintiffs, and then certain depositions showing insanity, infancy, and coverture of the various plaintiffs, running back and covering many years. The defendant proves possession for 20 odd years and improvements.

The difficult question for plaintiffs arises under that so-called will of Caldwell, which is a necessary link in the plaintiffs' chain of title. There seems to be no question that in cases like this of ejectment the plaintiff must recover on the strength of his own title. Nor can there be any doubt that that title must be a legal title.

An equitable title will not suffice to maintain ejectment in this court, though it may in the courts of the state under the proceedings authorized by the state statutes. See *Sheirburn* v. *De Cordova,* 24 How. 423.

The letter given in full herein has been duly probated as Caldwell's will; and the question is whether that letter, as the will of Caldwell, conveys the legal title of the lands in controversy to Colville. Counsel claim that the intention to convey is apparent, and that the rule is that the intention must govern if not contrary to law.

I concede the law, but I do not find in the will any intention expressed by Caldwell, in technical or untechnical language, to convey or bequeath anything but his own share of certain company or partnership property, and that share is bequeathed to Colville for life, remainder to Mrs. McFarland. There is no general bequest or universal legacy in the instrument. The balance of the will is merely the declaration of a trust in the testator and in Colville, of company property, and does not imply or express any desire or intention to convey or bequeath such company property to any person whatever. But giving it the effect of a conveyance or bequest, then it is in its broadest sense a conveyance or bequest to the partnership, and Colville, as a partner, took only an equitable title. For a case in direct point see *Clagett* v. *Kilburne*, 1 Black, 346. The whole letter was, probably, only designed by the writer to furnish Colville evidence of the partnership, and the extent of the partnership property; at least, that is a fair inference from the total absence of all the words usual even among the most ignorant when attempting to make a will, and Caldwell was not an ignorant man.

The case would be stronger if plaintiffs were suing for Caldwell's half of the tract; for the life estate of that is, perhaps, conveyed by the letter or will to Colville.

Counsel claim that if the will does not make a legal title for plaintiffs, then, as it declares ownership in Colville of the undivided half of the tract in question, that it in some way operates so that plaintiffs can maintain legal title by estoppel.

I cannot see how the defendant is estopped by the declaration of a stranger. The defendant does not claim or prove any title under either Caldwell or Colville, or anybody else. But if she is estopped, that does not help us out of the difficulty, which is that the plaintiff must recover, if at all, on a legal title sufficiently proved.

As to the railroad company, either an answer has been filed, in which case no judgment by default can be rendered, nor any other judgment for plaintiffs, as they have failed to prove title; or no answer has been filed, and the company is in default, in which case I can render no judgment against the company, as there is no waiver of jury on its behalf.

I find no answer in the record for the company, but counsel for Dunn says, in his brief submitted, that one has been filed at some time in the case by Hancock & West, attorneys for the railroad company; but, as shown above, it is immaterial for this decision. Let a judgment and a finding of "not guilty" be entered in favor of defendant Dunn, with costs.