## SHEFFIELD FURNACE COMPANY *v.* WITHEROW.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ALABAMA.

No. 190. Argued April 28, 1893. — Decided May 10, 1893.

A demurrer lacking the affidavit of defendant and certificate of counsel is fatally defective, and a decree *pro confesso* may be entered unless something takes place between the filing of the demurrer and the entry of the decree to take away the right.

The filing of an amended bill after a demurrer, without first obtaining an order of the court therefor, and the withdrawal of it by the complainant's solicitor in consequence, without paying to the defendant the costs occasioned thereby and furnishing him with a copy with proper references, do not take away such right.

When one party contracts to erect a building for another party on land of the latter, and a law of the State gives a mechanics' lien upon the land upon which the building stands, the parties may contract that the lien shall extend to other adjoining land of the latter party.

When the state law gives either an action at law or a remedy in equity to enforce a mechanics' lien, proceedings in a Federal court to enforce it may be had in equity.

On May 27, 1886, the appellee, plaintiff below, made a proposition to defendant to construct on its premises a blast furnace for the sum of $124,000; $80,000 to be paid on monthly estimates as the work progressed; the balance to be secured, "said security to be either a mechanics' lien or first mortgage on all the furnace company's interests in Sheffield, . . . at my option." This proposition was accepted on June 2. The work was completed and accepted on April 24, 1888. On June 27, 1888, plaintiff filed in the office of the probate court of the proper county a statement for a

mechanics' lien, in conformity with the provisions of the state statute. In this statement the furnace is stated to be situated at Sheffield, Colbert County, Alabama, on a site containing about twenty acres, described as follows: "Twenty acres of land in fractional section 29, . . . contiguous to the city of Sheffield," etc. On September 5, 1888, plaintiff filed his bill in the Circuit Court of the United States for the Northern District of Alabama to foreclose this mechanics' lien. The bill averred that a contract was entered into for the construction of the furnace; that the amount due was $63,279.43; that a statement of lien had been filed; and prayed for foreclosure, and for general relief. In the bill the contract was not set out at length, but it was alleged that it was in writing, and would be produced at the hearing if necessary. Attached to the bill of complaint was the statement filed in the probate court. A subpoena was duly served upon the defendant on September 6. On October 1 the defendant applied for and received a copy of the bill. On October 3 it filed a paper which it called a demurrer, but which did not have the certificate of counsel or the affidavit of defendant, essential to a demurrer, as required by equity rule 31. On the rule day in November (November 5) a decree *pro confesso* was entered, and on December 19 a final decree was also entered, finding the amount due as claimed, the existence of a lien upon the twenty acres, and ordering a foreclosure and sale. At the final hearing the plaintiff produced the lien papers, which were filed in the office of the probate court, the contract between the parties, a certificate from the superintendent of the company defendant of compliance with the terms of the contract, and an affidavit of counsel for the plaintiff to the genuineness of these documents. At the next term, and on February 4, 1889, a motion and petition was filed by defendant in the Circuit Court to set aside the final decree, which was overruled on the 15th of February, 1889. An appeal to this court was duly perfected.

*Mr. T. R. Roulhac,* (with whom was *Mr. Richard W. Walker* on the brief,) and *Mr. H. C. Tompkins* for appellant.

*Mr. Wayne McVeagh* and *Mr. Henry B. Tompkins*, (with whom was *Mr. A. H. Wintersteen* on the brief,) for appellee.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

Inasmuch as the so-called demurrer was fatally defective in lacking the affidavit of defendant and certificate of counsel, required by rule 31, there was no error in disregarding it, and entering a decree *pro confesso* at the November rules. Equity Rule 18; *National Bank* v. *Insurance Company*, 104 U. S. 54, 76. And such a decree after the November rules would entitle the plaintiff to a final decree as taken on December 19, Equity Rule 19; *Thomson* v. *Wooster*, 114 U. S. 104, unless something had taken place intermediate to take away such right. It appears that on the 14th day of November the plaintiff filed an amendment to the original bill, which amendment consisted substantially of allegations that the twenty-acre tract was within the limits of the city of Sheffield, and that the furnace and its appurtenances were in the middle of said tract, and occupied more than one acre of land, and required for convenience and profit the whole of the tract; upon which appears, after the endorsement of the clerk of its filing, a further endorsement, as follows:

"The filing of this amended bill is erroneous, and the same is withdrawn, no order of the court having been obtained ordering the filing thereof. Henry B. Tompkins, sol. for complainant."

This proceeding on the part of the plaintiff, it is insisted, destroyed his right to take the final decree, but this is a mistake. While under equity rule 28 the plaintiff might, after a copy of the bill had been taken out of the office by the defendant, and before plea, answer, or demurrer, amend the bill without order of the court, yet, before he could claim any benefit of such amendment, he was required to pay to the defendant the costs occasioned thereby, and without delay furnish it a copy thereof free of expense, with full reference to the places where the amendments were to be inserted. As

he had done neither of these things, he could claim no benefit from the filing of the amended bill, and when he entered upon it a withdrawal he left the case to stand as though no amendment had been attempted. Besides, the defendant, being in default, was in no position to take advantage of the plaintiff's action in withdrawing the amendment. There was, therefore, nothing erroneous in the matter of procedure — nothing which would compel the court at a subsequent term to set aside the decree.

While in this motion and petition there are stated many matters in which it is claimed there was error, on account of which the decree should be set aside, and the defendant given leave to plead, and while there is a general allegation that it has a full, perfect, and meritorious defence to the demand set up in the bill, yet it is not alleged that the contract for the building of the furnace was not made as stated, or that the statement for lien was not filed, or that the amount claimed to be due was not due and unpaid. So that the case is presented of an effort on the part of defendant to avoid or delay the payment of a just debt. Of course, it need not be said that under such circumstances a court of equity will not strain a point to assist a defendant. It is insisted in this motion to set aside the decree that the twenty acres described in the bill and decree are the absolute property of some other person or persons than the defendant. Even if that be true, we do not see how the defendant is prejudiced. If the plaintiff has made a mistake, and is attempting to sell somebody else's land, the owner is the party who has the right to complain; and the defendant, whose property is not touched, has no ground to object.

But the two principal matters are these: First. It is insisted that this mechanics' lien depends for its validity and scope on the Alabama statutes; that under those statutes the lien is limited to one acre, to be selected by the party entitled to the lien, unless the premises are within a city, town, or village, in which case it may extend to the entire lot or parcel of land upon which the improvement is situated; that the bill refers for a description of the property to the statement filed with

the probate court; that such statement describes the land as contiguous to the city of Sheffield, and does not show that it is within the limits of any city, town, or village; that, therefore, the limit to which the lien and decree could go was one acre of the tract, and that such acre was not described; that the amendment which was attempted to be made averred that this land was in the city of Sheffield, and was a single lot or piece of ground necessary for the operation of the furnace; and that only by a consideration of matters thus presented in the amendment could the decree properly extend to the twenty acres. It is a sufficient answer to this contention to say that the bill claimed a lien on the twenty acres; that nothing in the bill or statement affirmatively shows that the land was not within the limits of some city, town, or village; and that the contract which was produced stipulated for security by mechanics' lien or first mortgage on all the furnace company's interests in Sheffield. Surely parties can contract to extend the area of property to be covered by a lien. Such a stipulation is tantamount to an equitable mortgage. *Ketchum* v. *St. Louis*, 101 U. S. 306, 316, 317; 3 Pomeroy's Eq. Juris. sec. 1235; *Pinch* v. *Anthony*, 8 Allen, 536. The plaintiff under his contract was entitled to a written and express mortgage of the entire realty of the company at Sheffield, and when he demanded in his bill that the statutory lien which he had filed should be extended to the twenty acres he was only relying upon the promise made by the defendant that the lien should extend to that tract, a promise which the defendant might lawfully make, although, as to the excess of ground over one acre, the contract may be only in the nature of an equitable mortgage. This objection to the decree cannot be sustained.

But the main reliance of the defendant is on the proposition that the statutes of Alabama provide for an action at law to enforce a mechanics' lien. This lien being a statutory right, it is insisted that the remedy prescribed by the statute is the one which must be pursued even in the Federal courts, and that, as the plaintiff had therefore a right to maintain an action at law in the Circuit Court, he could not proceed by a suit in equity, which in the Federal courts can only be main-

tained when there is no adequate remedy at law. While the Alabama statutes in force at the time of this suit (Code of Alabama, 1886, section 3048) in terms authorize the foreclosure of a mechanics' lien by bill in equity, without alleging or proving any special ground of equitable jurisdiction, yet the contention is that the plaintiff cannot avail himself in the Federal court of this last statutory remedy, although he could pursue either in the state courts, because, as stated, if there be an action at law there cannot, under the settled rules of Federal procedure, be also a suit in equity. It certainly would be curious that state legislation which gives to a party the choice, in the state courts, between an action at law and a suit in equity to enforce his rights, enables him to maintain in the Federal courts only an action at law, and forbids a suit in equity, when the latter is the ordinary and appropriate method for enforcing such rights. And the foreclosure of a mechanics' lien is essentially an equitable proceeding. As said by Mr. Justice Field, speaking for the court in *Davis* v. *Alvord*, 94 U. S. 545, 546: "It is essentially a suit in equity, requiring specific directions for the sale of the property, such as are usually given upon the foreclosure of mortgages and sale of mortgaged premises." *Idaho & Oregon Land Improvement Co.* v. *Bradbury*, 132 U. S. 509. And it may well be affirmed that a State, by prescribing an action at law to enforce even statutory rights, cannot oust a Federal court, sitting in equity, of its jurisdiction to enforce such rights, provided they are of an equitable nature. In *Robinson* v. *Campbell*, (3 Wheat. 212, 222,) it was said: "A construction, therefore, that would adopt the state practice in all its extent would at once extinguish, in such States, the exercise of equitable jurisdiction. The acts of Congress have distinguished between remedies at common law and in equity, yet this construction would confound them. The court, therefore, thinks that to effectuate the purposes of the legislature the remedies in the courts of the United States are to be at common law or in equity, not according to the practice of state courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of those principles." *Hooper*

v. *Scheimer*, 23 How. 235 ; *Sheirburn* v. *Cordova*, 24 How. 423 ;
*Whitehead* v. *Shattuck,* 138 U. S. 146, 152 ; *Scott* v. *Neely*, 140
U. S. 106 ; *Smyth* v. *N. O. Canal & Banking Co.*, 141 U. S.
656.

But, further, the defendant contends that by the state law
the lien was limited to one acre of ground. The plaintiff
claims that by virtue of his contract and the filing of his
statement of lien he was entitled to a decree subjecting a tract
of twenty acres to the satisfaction of his debt. He, therefore,
claims rights of an equitable nature arising from something
more than the statute, and based partly upon his contract.
Certainly such a claim as that is one of an equitable nature,
and to be adjudicated only in a court of equity.

These are all the matters of importance presented. We see
no substantial error in the record, and the decree is

*Affirmed.*