272 F.2d 371
 HERING REALTY COMPANY, a corporation, as successor to
Bennettsville Realty Company, Appellant,
v.
GENERAL CONSTRUCTION COMPANY, COLUMBIA, SOUTH CAROLINA, a
corporation, Appellee.
 No. 7945.
 United States Court of Appeals Fourth Circuit.
 Argued Nov. 9, 1959.
Decided Dec. 9, 1959.
 
 Philip C. Herr, Philadelphia, Pa. (Tison & Tison, Hartsville, S.C., on the brief), for appellant.
 J. Means McFadden, Columbia, S.C. (Robinson, McFadden & Dreher, Columbia, S.C., on the brief), for appellee.
 Before SOPER and HAYNSWORTH, Circuit Judges, and THOMSEN, District judge.
 SOPER, Circuit Judge.
 
 
 1
 This appeal was taken from an order of the District Court which denied a motion of the defendant to stay the trial of the case pending the submission of the subject matter of the dispute to arbitration and the decision of the arbitrators.
 
 
 2
 The suit was brought by the General Construction Company against the Hering Realty Company to enforce the collection of a balance alleged to be due on a contract for the construction of a building for the realty company. On February 13, 1958, after the building had been nearly completed, the engineerarchitect certified, in accordance with the contract, that the sum of $69,117.32 was due and payable by the owner to the contractor in thirty days, but attached to the certificate was a so-called 'punch' list of items to be corrected within the thirty-day period, in which event the payment would be due. On March 14, the engineer-architect notified the contractor that nine items on the list had not been corrected and payment would not be made at the expiration of the thirty-day period. On April 2, after another inspection was made, the engineer-architect certified that $67,877.32 was due, with $1,240 withheld until certain corrections were made, and he recommended prompt settlement be made on this basis. The owner, however, was not satisfied and by letter, on April 3, listed forty-two items that were in need of correction. Thereafter conferences between the parties took place on April 10 and 15, at which futile efforts to settle the differences were made. Finally, on April 18, the engineer-architect passed on and valued all of the items on the owner's list with the exception of items 34 to 42, which he said could not be clearly settled by reference to the contract documents and therefore as to them legal advice should be taken. No settlement having been made, the contractor, on May 12, filed a mechanic's lien under the state statute against the property for the amount claimed to be due under the contract and, on June 7, instituted the present suit to foreclose the mechanic's lien in the District Court.
 
 
 3
 In the meantime, on June 2, 1958, the owner made demand upon the construction company for arbitration of the dispute under Article 53 of the contract. This article provided that all disputes arising under the contract should be submitted to arbitration and that the decision of the arbitrators should be a condition precedent to any right of legal action by either party against the other; and that if the arbitration was an appeal from a decision of the engineer-architect, the demand therefor should be made within ten days of its receipt and that in any other case the demand should be made within a reasonable time after the dispute had arisen, in no case later than the time of final payment. The defendant set up in its answer in the pending case the right to arbitrate the dispute under the terms of the contract and moved the court to grant an order submitting the issues to arbitration. This motion was argued before the District Court on briefs and an affidavit of the owner, but the court being of the opinion that the dispute had arisen on February 13, 1958, when the engineer-architect certified that the sum of $69,117.12 was due, subject to the correction of certain items, denied the motion on the ground that the demand for arbitration was not made within a reasonable time as required by the contract. From this denial the present appeal was taken.
 
 
 4
 This is the only issue presented to us for decision, for it is acknowledged that the engineer-architect made no decision as to items 34 to 42 on the punch list and hence the period within which the demand for arbitration was required to be made under the contract was a reasonable time after the dispute arose. On this point the parties are in conflict; the contractor claims that the dispute arose on March 14, when the engineer-architect certified that only nine items on the punch list remained to be corrected, while the owner contends that the dispute did not arise until after April 2, when the engineer-architect stepped out of the picture without deciding the nine items on the list. In our view, this conflict is without significance, for it seems very clear to us that the demand for arbitration was made within a reasonable time on June 2, whether the dispute arose on March 14 or April 2; and hence the provision of the contract making arbitration a condition precedent to the right of legal action by either party should have been given effect.
 
 
 5
 The appeal, however, must be dismissed since the case is not ripe for decision. The appendices of the parties upon which the case was presented to us in argument contained much material that is not to be found in the transcript of the record of the proceedings of the District Court, which we are informed is complete. The correspondence between the parties and between them and the engineer-architect covering the period from October 17, 1957 to June 9, 1958, and relating to the matters in controversy, is set forth in extenso in the appendices but with the exception of a portion of the letter of February 13, 1958, from the engineer-architect to the contractor which is missing from the transcript. The case cannot be decided without this material and we cannot assume in this state of the record that it was offered in evidence and considered by the District Judge in reaching his conclusion. Indeed, it is reasonable to infer from statements of the attorneys in the argument of this appeal that parts of the correspondence were not brought to the judge's attention and it is not unlikely, if he had seen it at all, that he would have decided that the demand for arbitration was made in a reasonable time. In any event, it is obvious that we cannot decide a question on its merits in this court upon evidence that is not contained in the record of the court below. For the convenience of the parties and to aboid, if possible, unnecessary litigation we have set forth our views above, but they are to be taken as advisory only and on the remand the parties will be free to present such evidence as they see fit and the District Judge will be free to make such decision as in his judgment the evidence requires.
 
 
 6
 A motion to dismiss the appeal was filed by the appellee in this court on the ground that in a suit in equity, as distinguished from an action at law, a refusal of the trial judge to stay proceedings pending the submission of the controversies to arbitration is not appealable under 1292 of the Judicial Code, 28 U.S.C.A., which gives the courts of appeal jurisdiction of interlocutory orders of the district courts of the United States granting or refusing injunctions. It is said that the nature of the proceeding as between law and equity must be determined according to the rules laid down by the federal courts and not by the state decisions and that, even though a suit to foreclose a mechanic's lien may be considered a suit at law by the South Carolina courts, it is one of purely equitable cognizance under the decisions of the federal courts. See City of Morgantown, W. Va. v. Royal Insurance Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; Council of Western Electric Technical Employees v. Westen Electric Co., 2 Cir., 238 F. d 892; Sheffield Furnace Co. v. Witherow, 149 U.S. 574, 13 S.Ct. 936, 37 L.Ed. 853; Armstrong Cork Co. v. Merchants' Refrigerator Co., 8 Cir., 184 F. 199. Since we are dismissing the appeal because of the insufficiency of the record, we do not find it necessary to pass on the highly technical distinction which permits appeals at law but not in equity under the circumstances described.
 
 
 7
 The appeal will be dismissed and the case remanded for further proceedings.
 
 
 8
 Appeal dismissed, case remanded.