286 F.2d 641
 GENERAL CONSTRUCTION COMPANY, Columbia, South Carolina, a
corporation, Appellant,
v.
HERING REALTY COMPANY, a corporation, as successor to
Bennettsville Realty Company, Appellee.
 No. 8225.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 18, 1961.
Decided Jan. 20, 1961.
 
 J. Means McFadden, Columbia, S.C. (Robinson, McFadden & Moore, Columbia, S.C., on the brief), for appellant.
 Philip C. Herr, Philadelphia, Pa., (Tison & Tison, Hartsville, S.C., on the brief), for appellee.
 Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit judges.
 PER CURIAM.
 
 
 1
 In this case, an owner of a building and the contractor who built it assert multiple cross-claims. Previously, the owner appealed to this Court from an order denying a motion to require arbitration of the claims. The appeal was dismissed as being premature, but reference was made in the opinion of this Court[1] to documents and evidence tendered in this Court which had not been submitted to the District Judge. The case was remanded with leave to supplement the record in the District Court, which could then enter such further order, or orders, as appeared appropriate.
 
 
 2
 After the remand, the record was expanded and, thereafter, the District Court entered an order requiring submission of certain claims to arbitration under the provisions of the construction contract but refusing to refer other claims to arbitration. In this order, a number of claims were described as being 'valid' or 'invalid,' the language used in the construction contract in connection with the arbitration of claims and the finality of rulings of the engineer-architect. On this appeal, the contractor complains that the order amounts to a summary judgment as to those claims described as being 'valid' or 'invalid.'
 
 
 3
 We do not so construe the order. The only motion before the District Court was one requiring the arbitration of all of the cross-claims. Referring to the contract, the Court decided that certain of the claims should be arbitrated, while others should not be arbitrated, but there is noting in the order, itself, which suggests that the Court intended its order to be a final adjudication of any of the claims, or that it should in any way foreclose any defense to any claim which has been set up by the pleadings, or which may hereafter be properly raised.
 
 
 4
 As we construe it, the order does no more than refer certain claims to arbitration while staying proceedings in the District Court until the arbitration proceeding shall have been completed. As such, the order is purely interlocutory and is not appealable.
 
 
 5
 Appeal dismissed.
 
 
 
 [1]
 Hering Realty Company v. General Construction Co., 272 F.2d 371