312 F.2d 538
 GENERAL CONSTRUCTION COMPANY, Columbia, South Carolina, a
corporation, Appellee and Cross-Appellant,
v.
HERING REALTY COMPANY, a corporation, as successor to
Bennettsville Realty Company, Appellant and Cross-Appellee.
 No. 8662.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 3, 1962.
Decided Jan. 7, 1963.
 
 J. Means McFadden, Columbia, S.C. (Robinson, McFadden & Moore, Columbia, S.C., on brief), for appellee and cross-appellant.
 Philip C. Herr, Philadelphia, Pa., (S. S. Tison, Bennettsville, S.C., on brief), for appellant and cross-appellee.
 Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit judges.
 SOPER, Circuit Judge.
 
 
 1
 The controversy in this case concerns the performance of a construction contract under which General Construction Company undertook to erect and to complete within 210 days a manufacturing plant for the Hering Realty Company for the basic price of $645,620. Disputes arose between the parties during the progress of the work, and they were not resolved when the building was finally turned over to the owner. The Realty Company claimed that in certain respects the performance by the builder was inadequate and defective and, further, that the Realty Company and been damaged by the failure of the Construction Company to complete the work within the time required by the contract. The Construction Company denied that it was liable on these claims and set up a claim for additional compensation for extra work and extra materials furnished. Two previous appeals, Hering Realty Co. v. General Construction Company, 272 F.2d 371, and General Construction Co. v. Hering Realty Co., 286 F.2d 641, brought the case to this court, but they related to the submission of certain items of the claim to arbitration and did not reach the merits of the case. Both appeals were dismissed on the ground that they were prematurely taken.
 
 
 2
 When the case went back to the District Court a second time, clais of the Realty Company for damages relating to 16 items were submitted to arbitration in accordance with the terms of the construction contract. These claims included Claim No. 38 for interest on the amount of the owner's investment in the building from June 30, 1957 to March 31, 1958 in the amount of $23,768.52, or in the alternative the sum of $50,000 for rent for the same period of time. These claims related to the period during which it is alleged that the construction of the building was unduly delayed. The arbitrators, without making specific findings of fact, denied all of the claims of the Realty Company except Claim No. 38 which they allowed in the amount of $12,500.
 
 
 3
 Following the rendition of the award by the arbitrators, the case came before the District Judge on various motions of the parties. The Realty Company asked that the award of the arbitrators be set aside insofar as it denied all of its claims except Claim No. 38; that the award of $12,500 under Claim No. 38 be increased from $12,500 to $37,500; that the case be remanded to the arbitrators for specific findings of fact; and that a summary judgment be entered against the Construction Company denying its claims for extra work and materials. The Construction Company, on its part, moved that the award of the arbitrators be set aside insofar as it allowed Claim No. 38 of the Realty Company in the sum of $12,500 and that summary judgment be entered in favor of the Construction Company in the sum of $69,117.32 with interest from Mrach 15, 1958. The District Judge, by order of January 18, 1962, overruled all of these motions in the form in which they were offered, including the motion of the Realty Company for summary judgment against the Construction Company in the latter's claim for extra work and materials. However, he awarded judgment in favor of the Construction Company in the sum of $71,477.54. This sum included $69,177.32 for the unpaid balance of the contract price plus interest in the sum of $14,816.22 from June 7, 1958, when the complaint was filed, less the sum of $12,500 awarded by the arbitrators to the Realty Company on its Claim No. 38. The Realty Company has appealed from this judgment, and the Construction Company has filed a cross-appeal on the ground that the award of the arbitrators to the Realty Company in the sum of $12,500 was incorrect and should not have been used by the District Judge as a deduction in ascertaining the amount of the judgment against the Realty Company.
 
 
 4
 On March 14, 1962 the Judge overruled a motion of the Realty Company for a rehearing and amendment of het judgment against it; and, at the same time, the Judge declined at that time to pass on a motion of the Construction Company that its claim for extra work be referred to arbitration or, in the alternative, be tried by the court and a jury or by the court without a jury.
 
 
 5
 The result is that this court is now asked to review an order of the District Court which rendered a final judgment on a part of the claim of the Construction Company against the Realty Company but failed to consider and render judgment on the remainder of the claim of the Construction Company against the Realty Company. Consequently, we are met at the outset with the question whether the case is ripe for decision by this court. Rule 54(b) of the Federal Rules of Civil Procedure provides that when more than one claim for relief is presented in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims '* * * only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. * * *' This rule, however, is not applicable to this case. The Construction Company is not pressing a number of separate claims against the Realty Company but a single claim of two parts, of which one relates to the unpaid portion of the contract price and the other to the extra work performed in the erecting of the building covered by the contract. Until both parts of the claim are adjudicated, there is no final judgment, and the appeal is premature.
 
 
 6
 The appeal and the cross-appeal in this case will, therefore, be dismissed.
 
 
 7
 Dismissed.