# District Court of the Navajo Nation

## Judicial District of Chinle, Arizona

**Eugene and Irene Bahe, Plaintiffs,**

**v.**

**Eddie Arthur, d/b/a Auto Service Center, Defendant.**

**Decided April 16, 1990**

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

Judge Wayne Cadman Sr. presiding.

This matter having come before the district court for hearing on this 27th day of February 1990 at the hour of 11:00 A.M., with all parties being present and represented by counsel and each presenting oral testimony and evidence, the court hereby finds:

## FINDINGS OF FACT

1. On February 9, 1988, the plaintiffs had their 1982 AMC Eagle towed by the defendant to his place of business in Chinle, Arizona, and defendant identified the problem as possibly being the transmission.

2. The defendant is a Navajo and owns the Auto Service Center which is a business located upon the Navajo Indian reservation in Chinle, Arizona and which repairs motor vehicles and sells auto parts and gasoline.

3. The defendant's employee, Arthur Benally, then gave estimates of about four hundred dollars ($400.00) for parts and two hundred dollars ($200.00) for labor, totalling an estimated amount of six hundred dollars ($600.00).

4. The plaintiff, Eugene Bahe, then authorized the defendant to make the necessary transmission repairs.

5. Eugene Bahe produced a copy of insurance coverage for the transmission on the vehicle at the time it was towed in.

6. When the defendant replaced the transmission on the vehicle, it still did not shift gears smoothly and the transfer case was noisy.

7. Eugene Bahe and the defendant then test drove the vehicle and the defendant determined that the problem could possibly be in the transfer case.

8. Eugene Bahe then asked the defendant to "check it out," which he stated meant to find out what the problem was and to repair the vehicle.

9. The defendant installed another transfer case and a rear axle, but the vehicle was still not operating smoothly. Defendant then personally towed the vehicle to Phoenix, Arizona and left it to be adjusted by the Automatic Transmission Exchange.

10. On February 19, 1988, the defendant purchased a transmission from Automatic Transmission Exchange for three hundred and six dollars ($306.00) and resold it to the Bahes for six hundred and eight dollars ($608.00).

11. On February 29, 1988, the defendant purchased a clutch pack and transfer case for seven hundred forty-nine dollars and thirteen cents ($749.13), and resold it to the Bahes for eight hundred twenty-five dollars ($825.00).

12. The defendant later travelled to Phoenix, Arizona and drove the vehicle back to Chinle, Arizona after the transmission adjustments were completed.

13. The vehicle repairs were completed on April 19, 1988, and the Bahes were informed that the repairs totalled one thousand eight hundred and eighty-nine dollars and eighty-six cents ($1,889.86) minus the two hundred and fifty dollars ($250.00) paid by the plaintiffs, leaving a balance of one thousand six hundred thirty-nine dollars and eighty-six cents ($1,639.86).

14. The Bahes had previously paid one hundred dollars ($100.00) on March 18, 1988; fifty dollars ($50.00) on April 7, 1988, and one hundred dollars ($100.00) on April 15, 1988.

15. The Bahes requested that the repairs be paid by installments but was denied by the defendant.

16. The defendant called the insurance company in Salt Lake City, Utah and was informed that the vehicle was purchased by a Harrison German, and that they would not honor the coverage for the vehicle because of the change in ownership and that the coverage had expired by excessive mileage.

17. The Bahes had the vehicle refinanced through the Navajo Nation with the Navajo Nation as the current lien holder on the vehicle and the Bahes being the registered owners.

18. The plaintiffs have not made any more payments since April of 1988, and the defendant refuses to release the vehicle until the repairs are paid in full.

## CONCLUSIONS OF LAW

This is a case of first impression as the issue of a "mechanic's lien" has not been addressed by any court on the Navajo Nation.

Since there is no Navajo law on mechanic's liens, and in the absence of any applicable federal laws, the court may look to any applicable Arizona state laws for guidance as provided in 7 NTC Sec. 204 (Supp. 1984-1985).

Personal property liens are provided for by statute in Arizona law under 33 ARS 1022, which allows a garage to retain possession of a motor vehicle until the amount due is fully paid. *Western Coach Corp. v. Malibu Corp.*, 22 Ariz. App. 482, 528 P.2d 868 (1974). However, this court will not adopt this statute as one creating a mechanic's lien on the Navajo Nation. Section 204 does not mean that the Navajo courts must follow the statutory laws of the state in which the matter in dispute may lie. The court may apply case law when applicable but in situations where there is a statutory law, the court will only look to it for guidance.

A mechanic's lien has been defined as a claim created by law for the purpose of securing payment of the price or value of work performed and materials furnished. Since the right to a mechanic's lien is dependent in the first instance upon the existence of a statute, the determination as to the right involves almost exclusively the construction of statutes. *Fleming-Gilchrist Construction Co. v. McGonigle*, 338 Mo 56, 89 SW2d 15, 107 ALR 1003.

A mechanic's lien is also designated as a "privilege" and is not recognized at common law and is not allowed in a court of equity. *Van Stone v. Stillwell & B. Mfg. Co.*, 142 US 128, 35 L Ed 894, 12 S Ct 181.

The defendant argues that perhaps a mechanic's lien is contractual as the written estimate eludes to the imposition of a mechanic's lien. However, mechanic's liens are purely statutory, not contractual, although the lien may be enlarged by contract. *Sheffield Furnace Co. v. Witherow*, 149 US 574, 37 L Ed 853, 13 S Ct 936.

In addition, imposing a mechanic's lien without any statutory authority would violate the provisions of the Indian Civil Rights Act of 1968, 25 USC Sec. 1301, specifically the rights to due process and equal protection of the law.

The court concludes that mechanic's liens are creatures of statute and in the absence of such a statute in the Navajo Nation, the court cannot impose such a lien on the personal property of the plaintiffs although the repairs were made by the defendant.

## JUDGMENT

IT IS THEREFORE ORDERED that the mechanic's lien imposed by the defendant is unlawful and shall release the vehicle to the plaintiffs immediately.

IT IS FURTHER ORDERED that the plaintiffs shall pay the defendant for the repairs made in the following amounts: $306.00 for a transmission, $749.13 for a transfer case, $25.00 for transfer case fluids, $7.00 for gasoline, $2.46 for a bleeder kit, and $272.40 for labor; totaling an amount of $1,361.99.

IT IS FURTHER ORDERED that the plaintiffs' request for actual and punitive damages are denied for a lack of evidence to support their claim.

IT IS FURTHER ORDERED that each party shall bear their own attorney's fees and costs.